IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAMS SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:09CV97 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAMBIAN NET MARKETS, INC., | ) | |
| CAMBIAN BUSINESS SERVIES, INC., | ) | |
| and MARK DOSTIE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Request for Trial in Lincoln, Nebraska (Filing No. 5). The plaintiff filed a brief (Filing No. 7) and an index of evidence (Filing No. 6) in support of the request. The defendants did not file any response.

BACKGROUND

According to the allegations in the complaint, the defendants contacted the plaintiff, in early 2005, to propose development of a software product to be utilized by optometry businesses. **See** Filing No. 1 - Ex. A Complaint ¶¶ 5-6. The plaintiff entered into an agreement for development of the software based on representations that the software would have many benefits over the software already in use by the plaintiff. *Id.* ¶¶ 6-7. Additionally, the defendants represented the new software would be completed within six months, by November 2005. *Id.* ¶¶ 6, 9. The plaintiff received the software in January 2006, but found it had several deficiencies and problems rendering it unfit for sale. *Id.* ¶ 10. Over the next six months, the defendants made several repairs, billing the plaintiff for substantial costs. *Id.* ¶ 11. The plaintiff began to sell the product to third-parties in June 2006, but received frequent and varied complaints, resulting in product returns. *Id.* ¶ 12. The defendants attempted to repair the software from July 2006 through August 2008, without success. *Id.* ¶ 13. The defendants billed the plaintiff for these repairs. *Id.* Based on these facts, the plaintiff alleges causes of action for breach of contract, breach of implied warranties, unjust enrichment, and fraudulent inducement. *Id.* The plaintiff is

organized under the laws of Nebraska, and has its principal place of business in Lincoln, Nebraska.  *Id.* ¶ 1.  Counsel for the plaintiff have an office in Lincoln, Nebraska.

On January 6, 2009, the plaintiff filed the instant action in the District Court of Lancaster County, Nebraska.  *Id.*  On March 16, 2009, the defendants Cambian Business Services, Inc. and Mark Dostie removed the action to the United States District Court for the District of Nebraska.  **See** Filing No. 1 - Notice of Removal.  None of the defendants have yet filed an answer.  The defendants Cambian Business Services, Inc. and Mark Dostie are citizens of British Columbia, Canada.  *Id.* ¶ 5.  Counsel of record for the defendants Cambian Business Services, Inc. and Mark Dostie have an office in Omaha, Nebraska.  Counsel has not made an appearance on behalf of Cambian Net Markets, Inc.

The plaintiff states the removing defendants did not choose a place of trial, hence the plaintiff filed a "request" rather than a "motion" for place of trial.  **See** Filing No. 7 - Brief p. 1-2.[1]  While the removing defendants did not make a written request, the removing defendants did choose Omaha, Nebraska, as the location of trial by filing the case in Omaha.  **See** NECivR 40.1(c).  The plaintiff contends trial is more conveniently set in Lincoln, Nebraska, because that is the plaintiff's location.  **See** Filing No. 7 - Brief p. 2.  Additionally, the plaintiff states Lincoln will be more convenient for the plaintiff's witnesses and counsel.  *Id.*  Specifically, the plaintiff shows that of its eight potential witnesses for trial, only one resides outside of Lincoln, Nebraska.  **See** Filing No. 6 - Ex. A Rice Aff.  The one witness resides in Cheyenne, Wyoming.  *Id.*  The plaintiff contends the only connection the defendants have to Omaha is removing defendants' counsel.  Additionally, the plaintiff argues the defendants and their witnesses, who are presumably from outside of Nebraska, will suffer no more inconvenience for having to travel to Lincoln than they would suffer traveling to Omaha.

---

[1] The plaintiff's distinction in titling the document is one without a difference according to the local and federal rules.  **See** Fed. R. Civ. P. 7(b)(1); NECivR 7.0.1.  In any event, the plaintiff filed the document as a "motion" during electronic filing.  The plaintiff may have contacted counsel for the removing defendants to clarify their intent, without requiring court action.

**ANALYSIS**

In deciding the place of trial, "the judge shall consider the convenience of litigants, witnesses and counsel." NECivR 40.1(b)(1). Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another. **See** 28 U.S.C. § 1404(a). Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district. *Id.* Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight. *Standard Office Sys. v. Ricoh Corp.*, 742 F. Supp. 534, 537 (W.D. Ark. 1990). The court's local rules contain no provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of justice." **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(1) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted. **See** NECivR 40.1(b); **compare** *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (movant bears burden under section 1404(a)). The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant. *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1994); *Gen. Comm. of Adjustment v. Burlington N.R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. *Nelson v. Bekins Van Lines Co.*, 747 F. Supp. 532, 535 (D. Minn. 1990) (**citing** *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)); *General Comm.*, 895 F. Supp. at 252; **see also** *Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990).

The removing defendants initially chose Omaha, Nebraska, as the location of trial. However, the plaintiff seeks to move trial to Lincoln, Nebraska. The convenience to the

removing defendants' counsel does not support keeping trial in Omaha, Nebraska. For the plaintiff, its counsel, and a vast majority of potential witnesses, Lincoln appears to be a more convenient location for trial. Further, there has been no showing that any witness resides in Omaha or would suffer particular burden by having to travel to Lincoln for trial. Additionally, any parties or witnesses residing outside of Nebraska may just as conveniently travel to Lincoln as to Omaha, Nebraska. After reviewing the materials submitted by the parties at this time, the court finds that, upon consideration of all factors pursuant to NECivR 40.1(b)(1), the place of trial should be Lincoln, Nebraska. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Request for Trial in Lincoln, Nebraska (Filing No. 5) is granted.

2. The Clerk of Court shall amend the docket in this matter to reflect the place of trial is Lincoln, Nebraska.

3. The Clerk of Court shall present this case to the Chief Judge for reassignment, in accordance with NEGenR 1.4(a)(2) and (3), as the undersigned magistrate judge recommends that good cause exists to reassign the matter to one of the participating judges from the docket for which this case would be assigned on a random basis if it had originally been filed in Lincoln, Nebraska.

DATED this 13th day of April, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge